ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                         )<br>       Plaintiff,                              )<br>                                                         )<br>vs.                                                   )<br>                                                         )<br>GARY JACK HOLLIS, JR.,              )<br>                                                         )<br>       Defendant/Petitioner.            )<br>_____) | Case No. 98-40024-JAR<br>                 01-3103-JAR |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. SECTION 2255

This matter, originally filed under 28 U.S.C. § 2255, is before the Court on remand from the Tenth Circuit Court of Appeals for the following actions: (1) to conduct an evidentiary hearing to determine whether Hollis's counsel overrode his desire to testify at trial; and (2) to abate final disposition of the *Blakely/Apprendi* issues pending the outcome of the Supreme Court's decision in *United States v. Booker*.[1] The Court conducted an evidentiary hearing in line with the Tenth Circuit's first directive on April 10, 2006 and it was continued on May 3, 2006. The parties agreed to bifurcate the final briefing of the issues at stake so that the Court first decides the issue of ineffective assistance of counsel based on Hollis's claim that trial counsel overrode his desire to testify at trial. The Court denied Hollis's motion on those grounds and ordered the parties to brief the issue of final disposition of the *Blakely/Apprendi* issues in light of the *Booker* decision (Doc. 307).

Before the briefing was due on the *Blakely/Apprendi* issues, defendant requested a stay

---

[1] 543 U.S. 220 (2005).

1

because he anticipated that the Supreme Court's decision in *Burton v. Stewart*[2] would be controlling on the issues remaining in this matter. On August 17, 2006, the Court granted Hollis's unopposed Motion to Stay Proceedings (Doc. 310) pending decision by the United States Supreme Court in *Burton*. On January 9, 2007, the Supreme Court rendered its decision in *Burton*, but did not reach the issue of the retroactivity of *Booker* or *Blakely* to habeas petitions filed prior to the date of those decisions. Given this disposition, the Court lifted the stay and ordered the parties to brief the remaining issue. Hollis has filed his brief on this issue and the government has responded. As described more fully below, the Court denies the remainder of Hollis's motion to vacate.

## I.     Procedural History

In its previous order denying this motion in part, the Court set forth the history surrounding Hollis's criminal case in general, and the ineffective assistance of counsel claim in particular. The Court now, however, sets forth the pertinent procedural history associated with the *Apprendi/Blakely* issue that is left for this Court to decide. Hollis was convicted by a jury of three drug offenses. The verdict form did not specify a drug quantity, and the jury instructions stated that the jury need only determine that defendant was guilty with regard to a "measurable amount of the controlled substance."[3] The sentencing court made factual findings on the drug quantity involved and assigned Hollis an offense level of 36 and criminal history category of IV.

---

[2]The petition for writ of certiorari was granted on June 5, 2006 in *Burton v. Waddington*, 126 S. Ct. 2352. The case was an appeal from the Ninth Circuit Court of Appeals, which had rejected the petitioner's claim that judicial factfinding at his sentencing hearing violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Ninth Circuit rejected the petitioner's claim because it found the decision announced in *Blakely v. Washington*, 542 U.S. 296 (2004) did not apply retroactively to his sentence.

[3](Doc. 156, Instruction 14.)

The court imposed the minimum guideline sentence of 262 months on each count, to be served concurrently.[4]

Hollis's case was affirmed on direct appeal on March 2, 2000.[5] On May 31, 2000, Hollis filed a petition for certiorari, which was denied on October 2, 2000.[6] While the petition for certiorari was pending, Hollis wrote a letter to appellate counsel stating he had discovered "rule 15 said you could supplement a brief that is pending when new case law comes out. It seems to me that maybe my brief should be supplemented [to include] that *Apprendi* case . . . ."[7] In response, appellate counsel told Hollis that although there was a clear *Apprendi* violation made in his case, he did not recommend amending the petition. "The issue was not addressed at the 10 Circuit Level [sic] or by the district court and the supreme court [sic] would not review the issue when it has not been decided or preserved below. Your best bet is a 2255."[8] Counsel also advised Hollis that it was risky to ask for re-sentencing because he could receive consecutive sentences of 240 months, rather than concurrent sentences.[9]

In his motion under 28 U.S.C. § 2255, Hollis made three claims: (1) *Apprendi v. New Jersey*[10] rendered his sentence unconstitutional; (2) ineffective assistance of counsel based on a failure to call co-defendant Getman as a witness, refusal to allow Hollis to testify and to inform

---

[4](Doc. 212 at 2 ("The terms of imprisonment are to run concurrently with each other.").)

[5]208 F.3d 227, 2000 WL 235250 (10th Cir. Mar. 2, 2000) (unpublished table decision).

[6]531 U.S. 854 (2000).

[7]191 F. Supp. 2d 1257, 1265 (D. Kan. 2002) (quoting Def. Ex. B).

[8]*Id.* (quoting Def. Ex. C).

[9]*Id.*

[10]530 U.S. 466 (2000).

him that it was his choice to make, and failure to give an opening statement; and (3) that there was an erroneous drug quantity used for sentencing and ineffective assistance of appellate counsel for failing to raise the issue. The Tenth Circuit initially affirmed the district court's[11] denial of Hollis's petition on all grounds. The court held that the *Apprendi* claim was procedurally barred. To the extent that Hollis argued ineffective assistance of appellate counsel for failing to raise the *Apprendi* issue either on direct appeal or in his petition for certiorari, the court found no prejudice. The court based that conclusion on the fact that had Hollis's counsel raised the *Apprendi* issue, "the court would have been required to run his sentences consecutively to the extent necessary to satisfy the minimum guideline amount of 262 months."[12]

Hollis filed a petition for rehearing and for rehearing en banc on his ineffective assistance of counsel claim, and filed a supplemental brief in light of the *Blakely* decision that was issued after the Order and Judgment affirming the district court's denial of his habeas petition. The Tenth Circuit granted in part the petition for rehearing and remanded the case back to this Court (Doc. 275).[13] In addition to ordering an evidentiary hearing on remand to determine whether Hollis's counsel overrode his decision to testify at trial, the Order on Rehearing states:

> [I]t is premature for this court to review Mr. Hollis' claim that his counsel was ineffective for failing to raise *Apprendi* issues either on direct appeal or in his petition for certiorari. In light of *Blakely* and its potential implications for the federal sentencing guidelines, we remand for the district court to consider this issue in the first instance after the Supreme Court issues its decisions in *United*

---

[11] This matter has been reassigned to the undersigned Judge, because the Honorable Dale E. Saffels, who sentenced Hollis and decided the § 2255 petition in the first instance, is now deceased.

[12] No. 02-3341, slip. op. at 5 (10th Cir. Mar. 12, 2004) (citing U.S.S.G. § 5G1.2(d)).

[13] No. 02-3341, slip. op. (10th Cir. Oct. 20, 2004).

4

States v. Booker . . . .[14]

## II.   Analysis

In *Apprendi v. New Jersey*,[15] the Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[16] Under *Apprendi*, the quantity of drugs involved in an offense under 21 U.S.C. § 841 is an "essential element" that must be charged in an indictment and submitted to the jury and proven beyond a reasonable doubt if it exposes the defendant to a higher maximum sentence under the statute.[17] In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[18] which is not necessarily the same as the maximum punishment possible under statute.[19] On this basis, the Court struck down the Washington state sentencing scheme. In the wake of *Blakely*, courts grappled with the issue of whether the United States Sentencing Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[20]

---

[14]*Id.* at 5.

[15]530 U.S. 466 (2000).

[16]*Id.* at 490.

[17]*See, e.g., United States v. Lott*, 310 F.3d 1231, 1242 (10th Cir. 2002)

[18]*Blakely v. Washington*, 542 U.S. 296, 302 (2004) (emphasis in original).

[19]*Id.* at 305.

[20]*See id.* at 323–25 (O'Connor, J., dissenting).

The Supreme Court resolved this issue in *United States v. Booker*.[21] In two separate majority opinions, the Court decided first, that the mandatory nature of the guidelines violates the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[22] Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the guidelines.[23] Instead, the Court deemed the guidelines advisory and explained that sentencing courts must now consider them along with the sentencing goals set forth in 18 U.S.C. § 3553(a).[24] The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[25]

Hollis's judgment became final in this case on October 2, 2000—when his petition for certiorari with the Supreme Court was denied.[26] *Apprendi* was decided on June 26, 2000, after the Tenth Circuit affirmed his sentence but before his petition for writ of certiorari was decided. The Tenth Circuit has held that *Booker*, *Blakely*, and *Apprendi* do not apply retroactively to cases on collateral review.[27] Further, the Tenth Circuit has held that *Blakely* and *Booker* are not mere

---

[21] 543 U.S. 220 (2005).

[22] *Id.* at 224–25 (Stevens, J.).

[23] *Id.* at 245, 259 (Breyer, J.).

[24] *Id.* at 259.

[25] *Id.* at 261; *see also Rita v. United States*, –U.S.–, 2007 WL 1772146, at *8–9 (June 21, 2007) (explaining that appellate courts may apply a presumption of reasonableness to sentences within the advisory guidelines range).

[26] *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005)

[27] *Id.* (holding that *Booker* is not retroactive); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding that *Blakely* is not retroactive); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that *Apprendi* is not retroactive).

clarifications of *Apprendi*, but new procedural rules.[28] Because Hollis's judgment in this case became final prior to the *Blakely* and *Booker* decisions, they are inapplicable to his sentence. But since *Apprendi* was decided after defendant's direct appeal, but before his petition for certiorari was decided, it does apply to his case.[29] The district court found and the Tenth Circuit affirmed that because this issue was not raised on appeal, or in the petition for certiorari, it was procedurally barred.[30] The procedural bar will not apply if Hollis can establish "either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."[31] Below, Hollis argued cause for the default because either (1) *Apprendi* was not available as a basis for appeal until after the petition for certiorari was filed, or (2) appellate counsel was ineffective for failing to amend the petition and add a claim of *Apprendi* error. The scope of remand is limited to the question of ineffective assistance of counsel as cause for the procedural default.[32]

To succeed on an ineffective assistance of counsel claim, Hollis must first prove that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[33] Second, he must show a reasonable probability that "but for counsel's

---

[28] *United States v. Walters*, 163 F. App'x 674, 680 (10th Cir. 2006); *United States v. Price*, 400 F.3d 844, 847–48 (10th Cir. 2005).

[29] *See United States v. McCalister*, 165 F. App'x 599, 603 (10th Cir. 2006) (citing *United States v. Lott*, 310 F.3d 1231, 1238 (10th Cir. 2002)).

[30] *Id.*

[31] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

[32] Even if the scope of remand included a review of unavailability as cause for default, it would be without merit, because support for the *Apprendi* argument existed at the time of his trial and appeal. *See United States v. Cook*, 37 Fed. App'x 393, 395 (10th Cir. 2002).

[33] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

unprofessional error(s), the result of the proceeding—in this case the appeal—would have been different."[34] The Court does not need to address both inquiries under *Strickland* if defendant is unable to make a sufficient showing on one.[35]

When it is alleged that appellate counsel failed to include an issue on appeal, the Court must evaluate the merits of the omitted issue.[36] Had appellate counsel amended the petition for certiorari, and had the petition been granted by the Supreme Court, a plain error standard would have been applied for review since an objection was not made at sentencing.[37] Under the plain error standard, there must be (1) error, (2) that is plain, and (3) that affects substantial rights.[38] If all three of these conditions are met, then the court may exercise discretion to notice a forfeited error, but only if (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."[39]

The Tenth Circuit has recognized that *Apprendi* error amounts to plain error.[40] In order to affect substantial rights, the error "must have affected the outcome of the district court

---

[34] *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)).

[35] *Strickland*, 466 U.S. at 697.

[36] *United States v. Cook*, 45 F.3d 388, 392–93 (10th Cir. 1995).

[37] *United States v. Cotton*, 535 U.S. 625, 631 (2002).

[38] *See Weaver v. Blake*, 454 F.3d 1087, 1097 (10th Cir. 2006).

[39] *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)) (internal quotation omitted).

[40] *United States v. Price*, 265 F.3d 1097, 1108 (10th Cir. 2001) (concluding that failure to sentence under § 841(b)(1)(C) for a maximum of twenty years, where the indictment did not state a drug quantity and where the jury was not instructed to find a drug quantity beyond a reasonable doubt satisfied the first two prongs of the plain error test).

proceedings."[41] But, as the court found upon initial habeas review, and the Tenth Circuit concurred with in the original Order and Judgment, application of U.S.S.G. § 5G1.2(d), which applies mandatorily to defendant's case, renders moot any *Apprendi* error.[42] Under that provision, the sentencing court would have been required to impose consecutive sentences on defendant's three counts of conviction to the extent necessary to achieve the total punishment under the guidelines.[43] Therefore, the Court would have been required to impose one of the three twenty-year sentences consecutively for twenty-two months to achieve the 262-month sentence under the guidelines.[44] Accordingly, Hollis's substantial rights were not affected by the *Apprendi* error and appellate counsel was not ineffective for failing to amend the petition for certiorari to include this claim.[45]

**IT IS THEREFORE ORDERED BY THE COURT** that Hollis's Motion to Correct Sentence Under § 2255 (Doc. 261), as remanded by the Tenth Circuit Court of Appeals, is **DENIED** on all grounds.

---

[41]*United States v. Lott*, 310 F.3d 1231, 1242 (10th Cir. 2002) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

[42]*Id.* (explaining that substantial rights were not affected because the defendants were unable to show that the "total length of imprisonment would not have been shorter even if they were properly sentenced under § 841(b)(1)(C), due to the mandatory stacking requirement of § 5G1.2(d) . . . ."); *see United States v. Hollis*, 191 F. Supp. 2d 1257, 1267 (10th Cir. 2002) (discussing *Price*, 265 F.3d at 1108–09). As already discussed, this guideline provision would have applied mandatorily because *Booker* does not apply to this case.

[43]U.S.S.G. § 5G1.2(d); *see, e.g., United States v. Bailey*, 286 F.3d 1219, 1222 (10th Cir. 2002); *Price*, 265 F.3d at 1109; *United States v. Leopard*, 42 F. App'x 360, 362–63 (10th Cir. 2002).

[44]As appellate counsel correctly pointed out to Hollis upon his inquiry, the Court would have discretion upon re-sentencing to impose consecutive sentences on all three counts of conviction. Further, a jury would be impaneled to determine the drug quantity to be used in calculating his sentence. As Judge Saffels noted, even if a jury believed Hollis's expert that the methamphetamine quantity in this case was 1162.6 grams, rather than 2088 calculated by the presentence report author, the statutory sentencing range would be the same—ten years to life. *See* 21 U.S.C. § 841(b)(1)(A) (applying to 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine . . . .").

[45]*Lott*, 310 F.3d at 1242.

**IT IS SO ORDERED.**

Dated this 31st day of July 2007.

                                              S/Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

*United States v. Hollis*, Case No. 98-40024-JAR/01-3103, Memorandum and Order Denying Motion Under Section 2255