ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No.  98-40024-JAR |
| | ) | 01-3103-JAR |
| GARY JACK HOLLIS, JR., | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY

This matter is before the Court on petitioner's Request for Certificate of Appealability (Doc. 328).  In two separate Memorandum and Orders (Docs. 307, 327), the Court denied petitioner's motion pursuant to 28 U.S.C. § 2255.  Petitioner now seeks authorization to appeal the Court's denial of his § 2255 motion.

This matter was filed under 28 U.S.C. § 2255, and was before the Court on remand from the Tenth Circuit Court of Appeals for the following actions: (1) to conduct an evidentiary hearing to determine whether petitioner's counsel overrode his desire to testify at trial; and (2) to abate final disposition of the *Blakely/Apprendi* issues pending the outcome of the decision in *United States v. Booker*.[1]  The Court conducted an evidentiary hearing in line with the Circuit's first directive on April 10, 2006 and it was continued on May 3, 2006.  The parties agreed to bifurcate the final briefing of the issues at stake so that the Court first decided the issue of

---

[1]543 U.S. 220 (2005).

1

ineffective assistance of counsel based on petitioner's claim that trial counsel overrode his desire to testify at trial.  On June 14, 2006, the Court filed its Memorandum and Order Denying in Part Motion under 28 U.S.C. § 2255 (Doc. 306) ("June 14, 2006 Order"), finding that petitioner's counsel did not override his desire to testify at trial and setting a briefing schedule for the *Blakely/Apprendi* issues.  Before briefing that issue, petitioner sought and was granted a stay of the proceedings in anticipation of a Supreme Court decision in *Burton v. Stewart*,[2] which was expected to resolve whether *Booker* could be retroactively applied.  Instead, the Supreme Court ultimately held that it lacked jurisdiction over the petition because it was an unauthorized second or successive petition.  Accordingly, this Court lifted the stay in the underlying matter and instructed the parties to brief the remaining issue.  On July 31, 2007, the Court filed its Memorandum and Order Denying Motion under 28 U.S.C. § 2255 (Doc. 327) ("July 31, 2007 Order"), denying the remaining relief sought in the petition.  In that Order, the Court found that *Booker* did not apply retroactively to petitioner on collateral review and that petitioner's counsel was not ineffective for failing to raise an *Apprendi* argument on direct appeal.  Petitioner now seeks a certificate of appealability on both of the Court's decisions on remand.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a proceeding under section 2255."[3]  Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[4]  The Court denied relief as to all

---

[2] 127 S. Ct. 793 (2007).

[3] 28 U.S.C. § 2253(c)(1)(B).

[4] 28 U.S.C. § 2253(c)(2).

claims on all remaining substantive grounds, therefore, petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[5]  Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[6]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[7]

### 1. Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[8]  Under that test, he must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness."[9]  Second, he must show that counsel's deficient performance actually prejudiced his defense.[10]

The Tenth Circuit found in its Order on Rehearing that the prejudice prong is met here, so the Court only needed to address the first prong of the *Strickland* test on remand.  Therefore, the Court conducted an evidentiary hearing on whether petitioner's counsel, James Chappas, overrode petitioner's desire to testify at trial.  At the hearing, petitioner testified that Chappas

[5]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[6]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[7]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

[8]466 U.S. 668 (1984); *see Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004) (treating allegation that trial counsel would not let defendant take the stand despite his desire to do so as an ineffective-assistance claim), *cert. denied*, 544 U.S. 928 (2005).

[9]*Id.* at 688.

[10]*Id.*

failed to prepare him to testify, failed to inform him of his absolute right to testify, and became

"irate" when petitioner indicated his desire to testify.  Petitioner further testified that Judge

Saffels, the trial judge, did not require him to affirm on the record his intention not to testify.

Finally, petitioner testified that because "judges had slapped him down," in the past for speaking

out, he did not address the Court when Chappas rested his case without calling petitioner to

testify.

          Chappas testified at the hearing that he had prepared petitioner to testify, that he told him

the decision to testify was up to him, and that petitioner decided when the government rested its

case that he did not want to testify.  Chappas also testified at length about the difficulty he had in

working with petitioner, due to his hostility and short attention span.  Chappas testified that

while he was prepared to call petitioner as a witness, he advised him that the government's case

was strong and that he should be prepared to explain certain incriminating evidence that would

be put on by the government.

          After hearing this testimony, the Court found it credible that he and petitioner had agreed

to wait and hear the government's case before making a firm decision on whether petitioner

would testify.  Chappas testified that after the government rested, petitioner looked "scared," and

told him that he did not think he should testify.  Because the Court found Chappas's testimony

more credible than petitioner's on this point, it concluded that Chappas did not override

petitioner's decision to testify.  Petitioner argues that a certificate of appealability is warranted

based on the Court's statement that because petitioner failed to alert the trial court that he desired

to testify or that there was a disagreement on the matter when Chappas rested his case, waiver of

the right to testify could be inferred.[11]  But this was not the basis for the Court's decision.  The Court explicitly found Chappas's testimony that petitioner alone decided not to testify on his own behalf more credible.  The fact that petitioner did not alert the trial court to any potential disagreement simply supports Chappas's testimony and could support the conclusion that petitioner waived the right to testify.

The Court also rejected petitioner's argument that Chappas failed to inform him that the decision not to testify was his alone to make.  Petitioner argues that reasonable jurists could disagree about Chappas's testimony because during trial, Chappas told the court that he had one witness, his client, which was subject to "dispute."  But this Court has already rejected this argument.  As discussed in its June 14, 2006 Order, Chappas testified that his use of the word "dispute" was poor word choice and that he meant that the decision had not yet been made.  Chappas's testimony supports that he informed petitioner that it was his decision to testify, and also advised him of the strategic implications of doing so, as the law requires.[12]  Petitioner argues that the trial court was "alerted" to the fact that there was a "dispute" based on Chappas's representation during the trial.  But the trial court does not have a duty to ensure that a defendant who does not testify has waived his right to do so.[13]

In sum, the Court is unable to find that reasonable jurists could disagree about whether Chappas overrode petitioner's decision to testify.  The Court found Chappas's testimony wholly credible that he informed petitioner of his right to testify, that he advised petitioner of the

---

[11]*See United States v. Williams*, 139 F. App'x 974, 976 (10th Cir. 2005).

[12]*See Cannon*, 383 F.3d at 1171.

[13]*See Williams*, 139 F. App'x. at 976; *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000); *United States v. Janoe*, 720 F.2d 1156, 1161 (10th Cir. 1983).

5

implications of testifying, and that petitioner decided on his own not to testify.

### 2. *Apprendi/Blakely* Issue

Petitioner also seeks a certificate of appealability on whether counsel was ineffective for failing to raise an *Apprendi* issue on direct appeal.  Because in this Circuit neither *United States v. Blakely* nor *Booker v. United States* apply retroactively to cases on collateral review,[14] the Court only considered whether counsel was ineffective for failing to raise an issue under *Apprendi*, which did apply to petitioner's case on direct review.  The Court concluded that failure to raise this issue did not constitute ineffective assistance of counsel.

Petitioner argues that a certificate of appealability should be issued because the Supreme Court has not decided the issue of *Booker* retroactivity and because a dissent in a recent Sixth Circuit Court of Appeals decision shows that reasonable jurists disagree about whether *Booker* represents a new procedural rule that should apply retroactively.[15]  Although one reasonable jurist may disagree with the majority of Circuits, including this one,[16] that *Booker* does not apply retroactively, it cannot be said that this is sufficient to meet the standard.  "Because the focus of the inquiry is whether reasonable jurists could differ as to whether precedent compels the sought-for rule, we do not suggest that the mere existence of a dissent suffices to show that the rule is new."[17]  The Court declines to issue a certificate of appealability on this issue.

---

[14]*United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (holding that *Booker* is not retroactive); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding that *Blakely* is not retroactive); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that *Apprendi* is not retroactive).

[15]*Valentine v. United States*, 488 F.3d 325, 339 (6th Cir. 2007) (Martin, J., concurring in part and dissenting in part).

[16]*See Bellamy*, 411 F.3d at 1187 n.1 (collecting cases); *United States v. Morris*, 429 F.3d 65, 66–67 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600, 605–06 (5th Cir. 2005).

[17]*Beard v. Banks*, 542 U.S. 406, 416 n.5 (2004).

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Application for Certificate of Appealability (Doc. 328) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of October 2007.

S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

Memorandum and Order Denying Application for Certificate of Appealability, *United States v. Hollis*, 98-40024-JAR, 01-3103-JAR.

7