ams

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 98-40024-JAR** |
| | ) | **01-3103-JAR** |
| **GARY JACK HOLLIS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Gary Jack Hollis, Jr.'s pro se Motion to Vacate Conviction and Sentence and for Release Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 346). As described more fully below, Hollis' motion is denied.

*Background*

After a seven-day trial that began on November 30, 1998, a jury convicted Hollis of conspiracy to manufacture methamphetamine and two counts of manufacturing methamphetamine. The Tenth Circuit affirmed Hollis' convictions and sentence.[1] Hollis' petition for a writ of certiorari with the Supreme Court was denied,[2] and he then moved to vacate his sentence under § 2255 (Doc. 250). He made three claims in his habeas motion: (1) *Apprendi v. New Jersey*[3] rendered his conviction unconstitutional; (2) ineffective assistance of counsel

---

[1]No. 99-3233, 2000 WL 235250 (10th Cir. Mar. 2, 2000).

[2]531 U.S. 854 (2000).

[3]530 U.S. 466 (2000).

1

based on a failure to call co-defendant Wayne Getman as a witness, refusal to allow Hollis to testify and to inform him that it was his choice to make, and failure to give an opening statement; and (3) challenges to the drug quantity used for sentencing and ineffective assistance of counsel for failure to raise the issue.

On June 7, 2002, Judge Saffels denied Hollis' 2255 motion on the briefs and later denied his motion for reconsideration (Docs. 261, 264); the Tenth Circuit initially affirmed.[4]  Hollis then filed a petition for rehearing and for rehearing en banc.  The Tenth Circuit granted in part the petition for rehearing and remanded the case back to this Court (Doc. 275) for the following actions:

> 1. The district court should conduct an evidentiary hearing to determine whether Mr. Hollis' counsel overrode his desire to testify at trial; and
> 2. The district court should abate final disposition of the *Apprendi/Blakely* issues pending the outcome of the Supreme Court's dispositions in *Booker* and *Fanfan*.[5]

The Tenth Circuit denied Hollis' request for an en banc rehearing and vacated its original decision to the extent it was inconsistent with the Order on Rehearing.

This Court conducted an evidentiary hearing, as directed by the Order on Rehearing, and proceeded to deny Hollis' motion under § 2255 on both grounds identified in the Order on Rehearing (Docs. 307, 333).  The Tenth Circuit granted a certificate of appealability on the single issue of whether this Court erred in denying Hollis' motion on the grounds that his appellate attorney was ineffective for failing to challenge his sentence on *Apprendi* grounds.

---

[4]93 Fed. Appx. 201 (10th Cir. 2004).  In that decision, the court upheld the district court's application of the concurrent sentence doctrine in finding that Hollis suffered no prejudice under *Strickland v. Washington* even though counsel fell below an objective standard of reasonableness.

[5]No. 02-3341, slip. op. (10th Cir. Oct. 20, 2004).

Finding that any error by Hollis' appellate attorney did not result in the prejudice required to excuse the procedural default of this claim, the Tenth Circuit affirmed this Court's denial of the § 2255 motion.

Hollis now argues that he is entitled to relief under Fed. R. Civ. P. 60(b)(6) because the district court failed to hold an evidentiary hearing on his claim that trial counsel was ineffective for failing to interview and call co-defendant Getman as a trial witness and, instead, merely speculated that the decision not to call Getman as a witness was not objectively unreasonable.

*Discussion*

Under § 2255(h),

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
(1) newly discovered evidence . . .; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[6]

A motion brought pursuant to Rule 60(b) requires authorization pursuant to § 2255(h) if it "asserts merits-focused second or successive claims."[7]  The motion is a "true" Rule 60(b) motion,

if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect
that such a challenge does not itself lead inextricably to a merits-based attack on the disposition

---

[6]  28 U.S.C. § 2255.

[7] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

of a prior habeas petition.[8]

Hollis' motion does not fall within the first category of "true" Rule 60(b) motions because, as he admits in his motion, the Court necessarily made a merits determination when it denied his motion for ineffective assistance of counsel based on counsel's decision not to interview or call co-defendant Getman as a witness. An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[9] The district court and the Tenth Circuit both reached the merits of this claim and rejected it.[10]

Hollis' motion likewise does not fall within the second category of "true" Rule 60(b) motions because his motion does "lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Because Judge Saffels determined that the record conclusively showed Hollis was not entitled to relief on this claim, he

> concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations. Thus, there could be no error in denying the evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.[11]

The Court finds this general rule applies to Hollis' motion. Hollis' motion is clearly an attack on

---

[8]*Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citation omitted).

[9]§ 2255(b).

[10]*See* 191 F. Supp. 2d 1257, 1271 (D. Kan. 2002), *aff'd,* 93 F. App'x 201, 203 (10th Cir. 2002).

[11]*Lindsey,* 582 F.3d at 1173.

the merits of Judge Saffels' and the Tenth Circuit's decisions rejecting an argument that was fairly presented in his initial motion to vacate. His arguments strike at the reasoning behind the district court's and Tenth Circuit's denial of his motion on this ground and are indistinguishable from arguments that he is entitled to habeas relief under § 2255. Accordingly, these claims require authorization under § 2255(h).

Because this second or successive claim under § 2255 was filed without the requisite authorization, the Court must determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[12] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[13] Here, it is clear from the face of Hollis' petition that it fails to meet the standards for an allowable second or successive petition under § 2255(h). Hollis' petition merely reargues a claim for ineffective assistance of counsel that was fully litigated in his initial habeas petition. Accordingly, the Court dismisses this petition for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Gary Jack Hollis, Jr.'s pro se Motion to Vacate Conviction and Sentence and for Release Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 346) is dismissed for lack of jurisdiction.

 **IT IS SO ORDERED.**

Dated: <u>August 3, 2010</u>

             <u>S/ Julie A. Robinson</u>

---

[12]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[13]*Id.*

5

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE